```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

TICOR TITLE INSURANCE COMPANY, )
CHICAGO TITLE INSURANCE CO.,  )
                              )
          Plaintiffs           )
                              )
     v.                        )    Case No. 2:08 cv 333
                              )
LAURIE M. BREZINSKI,           )
                              )
          Defendant            )

## OPINION AND ORDER

This matter is before the court on the Motion for Stay of Proceedings [DE 10] filed by the defendant, Laurie M. Brezinski, on December 8, 2008. For the following reasons, the defendant's motion to stay is **DENIED.**

### Background

The plaintiff, Ticor Title Insurance Company, filed a complaint on November 12, 2008, alleging that the defendant, Laurie M. Brezinski, embezzled, stole and/or misappropriated money belonging to or in the care of Ticor while she was in its employ. Shortly after this civil complaint was filed, Brezinski was charged in the Lake Superior Court, Criminal Division, Crown Point, Indiana, with criminal offenses arising from the same conduct forming the basis of the civil proceeding. These criminal charges, which include charges of forgery and theft, currently are pending in that state court.

Brezinski signed a document titled "Confession & Acknowl-

edgement [sic] of Termination," a pre-printed form admitting embezzlement from the company and agreeing to cooperate with the investigation. (DE 6, Exh. 7) Ticor claims that this "confession" constitutes a waiver of Brezinski's Fifth Amendment privilege.

Brezinski filed this Motion for Stay of Proceedings requesting that the civil proceedings be stayed in an effort to protect her Fifth Amendment right against self-incrimination. Ticor, however, opposes a stay, asserting that Brezinski does not describe unusual circumstances and substantial prejudice to justify a stay and that Ticor will be prejudiced by a stay.

## Discussion

A court has incidental power to stay proceedings, which stems from its inherent power to manage its docket. *Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936); *Walker v. Monsanto Co. Pension Plan*, 472 F.Supp.2d 1053 (S.D. Ill. 2006). The decision to grant a stay is committed to the sound discretion of the court and must be exercised consistent with principles of fairness and judicial economy. *Brooks v. Merck & Co.*, 443 F.Supp.2d 994, 997 (S.D. Ill. 2006); *Rutherford v. Merck & Co.*, 428 F.Supp.2d 842, 845 (S.D. Ill. 2006); *George v. Kraft Foods Global*, 2006 U.S. Dist. LEXIS 92886, *4 (S.D. Ill. 2006).

The Constitution does not require a stay of civil proceedings pending the outcome of criminal proceedings. *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450 (S.D. Ind. 2003). Rather,

granting a stay is the exception, not the rule. ***Board of Trustees of the Ironworkers Local No. 498 Pension Fund v. Nationwide Life Ins. Co.***, 2005 U.S. Dist. LEXIS 6159 at *26 (N.D. Ill. 2005). Additionally, it is not unconstitutional to force a litigant to choose between invoking the Fifth Amendment in a civil case, thus risking the negative inference permitted in that situation, or answering questions in the civil context, thus risking subsequent criminal prosecution. ***Cruz v. County of DuPage***, 1997 WL 370194 at *1 (N.D. Ill. 1997). The court may, in its discretion, stay civil proceedings or issue protective orders when the interests of justice require. ***Jones***, 216 F.R.D. at 450-51.

When deciding whether to issue a stay in a civil proceeding pending a similar criminal proceeding, courts assess a set of factors. *See* ***Benevolence International Foundation, Inc. v. Ashcroft***, 200 F.Supp.2d 935, 938 (N.D. Ill. 2002); ***Hollinger International, Inc. v. Hollinger, Inc.***, 2005 U.S. Dist. LEXIS 14437 at *9-*10 (N.D. Ill. 2005); ***Jones***, 216 F.R.D. at 450. The court may consider a variety of factors including:

> (1) whether the two actions involve the same subject matter; (2) whether the two actions are brought by the government; (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiff in proceeding expeditiously with the litigation and the potential prejudice to plaintiff of a delay; and (6) the burden that any particular aspect of the proceedings may impose on the defendant. ***Machinery Movers, Riggers and Machinery Erectors, Local 136 v. Nationwide Life Insurance***

> *Company*, 2006 WL 2927607 at *2 (N.D. Ill.
> Oct. 10, 2006)(*citing Cruz*, 1997 WL 370194 at
> *2)

Brezinski asserts that her privilege against self-incrimination is "clearly implicated" by the parallel proceedings. Ticor argues that Brezinski already has waived her Fifth Amendment privilege by voluntarily signing the confession. Both arguments miss the mark. Whether Brezinski can choose to remain silent in the face of the civil complaint in light of her signed confession is not yet at issue. The question here, whether a stay should be imposed on the civil case until the criminal case has concluded, is found by evaluating the factors above.

First, the two actions clearly involve the same subject matter. The exact actions which are the basis for the criminal charges against Brezinski form the basis for the plaintiffs' civil complaint. Next, the fact that the government is not a plaintiff in the civil action weighs against a stay because there is no risk that the government will use the broad scope of civil discovery to obtain information for use in the criminal prosecution. *U.S. ex rel. Shank v. Lewis Enterprises, Inc.*, 2006 WL 1064072 at *4 (S.D. Ill. 2006) (*citing SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)). This concern is not applicable here when the civil action is brought by a private plaintiff.

The posture of the pending criminal proceeding implicates the purported waiver of Fifth Amendment privilege. No information concerning the current status of the criminal case has been

4

provided to the court, and a civil deposition may be scheduled prior to the disposition of the criminal matter. Because there is no plea agreement reported at this time, this factor leans toward a stay.

Ticor argues that a stay will hamper the public's interest in a speedy resolution of the controversy, and the court agrees. The discretionary use of judicial resources and the encouragement to resolve pending litigation implicate the public's interest and weigh against a stay.

Ticor's interests in proceeding expeditiously with the civil litigation are substantial. The desire to access any misappropriated funds before they are depleted is understandable and provides a substantial interest for denying the stay.

Last, Brezinski argues that the burden of proceeding with the civil litigation is immense. Brezinski claims that her Fifth Amendment privilege will be compromised if she is forced to proceed with the discovery phase of the civil litigation. The Fifth Amendment privilege against self incrimination may be invoked in criminal or civil matters when an individual's testimony creates a possibility of criminal prosecution. ***Kastigar v. United States***, 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The privilege is applicable in response to specific inquiries that call for an admission of crime or objectively create "some tendency" to subject the individual to criminal liability. ***In re High Fructose Corn Syrup Antitrust Litigation***, 295 F.3d 651, 663-64 (7th Cir. 2002). The privilege may be waived

when a party voluntarily testifies to incriminating facts. ***Rogers v. United States***, 340 U.S. 367, 373, 71 S.Ct. 438, 442, 95 L.Ed. 344 (1951); ***Harris v. City of Chicago***, 266 F.3d 750, 754 (7th Cir. 2001). "Not limited to the criminal context, the privilege protects the individual from being compelled to answer official questions put to him in any proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." ***LaSalle Bank Lake View v. Seguban***, 54 F.3d 387, 389 (7th Cir. 1995)(*citing* ***Baxter v. Palmigiano***, 425 U.S. 308, 316, 96 S.Ct. 1551, 1557, 47 L.Ed.2d 810 (1976))(internal quotes omitted).

It follows that Brezinski may claim her Fifth Amendment privilege in the litigation of this civil matter. However, by claiming that privilege, an adverse inference may be drawn against Brezinski in the civil proceeding. *See* ***LaSalle Bank Lake View***, 54 F.3d at 390 (finding that such an adverse inference drawn from Fifth Amendment silence in civil proceedings does not impose an unconstitutional cost on the exercise of the privilege). This burden on the defendant weighs in support of a stay, and is the final factor in the court's stay consideration.

Weighing all six factors, the court concludes that the burden of a stay imposed on Ticor outweighs the burden on Brezinski in asserting her Fifth Amendment privilege. The desire to expedite the court's civil docket and the fact that the government is not a party to both actions also favor moving forward

with the civil litigation.

_____

For the aforementioned reasons, the Motion for Stay of Proceedings [DE 10] filed by the defendant, Laurie M. Brezinski, on December 8, 2008, is **DENIED**.

ENTERED this 9th day of February, 2009

                                             s/ ANDREW P. RODOVICH
                                                United States Magistrate Judge